**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Hannah Newble, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   10 C 1388 |
| | ) | |
| Pentagroup Financial, LLC, a Texas | ) | |
| limited liability company, and Pinnacle | ) | |
| Credit Services, LLC, a Minnesota | ) | |
| limited liability company, | ) | |
| | ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Hannah Newble, brings this action under the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt

collection actions violated the FDCPA, and to recover damages for Defendants'

violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28

U.S.C. § 1331.

2.     Venue is proper in this District because: a) part of the acts and

transactions occurred here; and, b) Defendants reside and transact business here.

## PARTIES

3.     Plaintiff, Hannah Newble ("Newble"), is a citizen of the State of

Massachusetts, from whom Defendants attempted to collect a delinquent consumer

debt owed originally to Metris, despite the fact that she was represented by the legal aid

attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4.      Defendant, Pentagroup Financial, LLC ("Pentagroup"), is a Texas limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  In fact, Pentagroup was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.      Defendant, Pinnacle Credit Services, LLC ("Pinnacle"), is a Minnesota limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  In fact, Pinnacle was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

6.      Defendant Pentagroup is licensed to do business in the State of Illinois and maintains a registered agent within the State of Illinois. See, record from the Illinois Secretary of State attached as Exhibit A.  In fact, Defendant Pentagroup conducts extensive and substantial business in Illinois.

7.      Defendant Pentagroup is licensed as a debt collection agency in the State of Illinois.  See, record from the Illinois Division of Professional Regulation attached as Exhibit B.

8.      Defendant Pinnacle is a bad debt buyer, which specializes in buying portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which debts it then attempts to collect.  Defendant Pinnacle buys debts on a nationwide

basis and attempts to collect debts from consumers throughout the United States, including from thousands of consumers in Illinois.

9.     Defendant Pinnacle is licensed to do business in the State of Illinois and maintains a registered agent within the State of Illinois. See, record from the Illinois Secretary of State attached as Exhibit C.  In fact, Defendant Pinnacle conducts extensive and substantial business in Illinois.

10.     Defendant Pinnacle is licensed as a debt collection agency in the State of Illinois.  See, record from the Illinois Division of Professional Regulation attached as Exhibit D.

## FACTUAL ALLEGATIONS

11.     Ms. Newble is a senior citizen with limited assets and income, who fell behind on paying her bills, including a debt she owed for a Metris credit card.  After that debt became delinquent, Defendant Pentagroup sent Ms. Newble an initial form collection letter, dated July 3, 2008, on behalf of a bad debt buyer, CACH, LLC, that had allegedly purchased the Metris debt.  A copy of this letter is attached as Exhibit E.  Ms. Newble thereafter sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant Pentagroup's collection actions.

12.     Accordingly, on September 9, 2008, one of Ms. Newble's attorneys at LASPD informed Defendant Pentagroup, in writing, that Ms. Newble was represented by counsel, and directed Pentagroup to cease contacting her, and to cease all further collection activities because Ms. Newble was forced, by her financial circumstances, to

refuse to pay her unsecured debt.  Copies of this letter and fax confirmation are attached as Exhibit F.

13.     At some point in time, Defendant Pinnacle allegedly bought the Metris debt and also hired Defendant Pentagroup to collect it.  On January 13, 2010, Defendants sent a collection letter directly to Ms. Newble, in which they continued to demand payment of the Metris debt.  A copy of this letter is attached as Exhibit G.

14.     Accordingly, on February 13, 2010, Ms. Newble's LASPD attorney had to send Defendants another letter, directing them to cease communications and to cease collections.  Copies of this letter and fax confirmation are attached as Exhibit H.

15.     All of the Defendants' collection actions, complained of herein, occurred within one year of the date of this Complaint.

16.     Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And Cease Collections**

17.     Plaintiff adopts and realleges ¶¶ 1-16.

18.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

19.     Here, the letter from Ms. Newble's agent, LASPD, told Defendants to cease communications and to cease collections (Exhibit F).  By continuing to

4

communicate regarding this debt and demanding payment, Defendants violated §

1692c(c) of the FDCPA.

20.     Defendants' violations of § 1692c(c) of the FDCPA render them liable for

statutory damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

21.     Plaintiff adopts and realleges ¶¶ 1-16.

22.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from

communicating with a consumer if the debt collector knows that the consumer is

represented by an attorney with respect to such debt and has knowledge of, or can

readily ascertain, such attorney's name and address.  <u>See</u>, 15 U.S.C. § 1692c(a)(2).

23.     Defendants knew that Ms. Newble was represented by counsel in

connection with her debt because her attorneys at LASPD had informed Defendants, in

writing (Exhibit <u>F</u>), that she was represented by counsel, and had directed Defendants

to cease directly communicating with Ms. Newble.  By directly sending Ms. Newble the

collection letter (Exhibit <u>G</u>), despite being advised that she was represented by counsel,

Defendants violated § 1692c(a)(2) of the FDCPA.

24.     Defendants' violations of § 1692c(a)(2) of the FDCPA render them liable

for statutory damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15 U.S.C.  § 1692k.

**PRAYER FOR RELIEF**

Plaintiff, Hannah Newble, prays that this Court:

1.      Find that Defendants' debt collection actions violated the FDCPA;

2.      Enter judgment in favor of Plaintiff Newble, and against Defendants, for

statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of

the FDCPA; and,

3.      Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Hannah Newble, demands trial by jury.

Hannah Newble,

By: /s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated:  March 1, 2010

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com